**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:19-CV-471-CHL**

ROGER HAMILTON,                                                                    **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                  **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Motion to Dismiss filed by Defendant the Commissioner of Social Security.  (DN 25.)  Plaintiff Roger Hamilton ("Hamilton") did not file a response to the motion.  Therefore, this matter is ripe for review.  The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed.  (DN 13.)

For the reasons set forth below, the Commissioner's Motion to Dismiss (DN 25) is **GRANTED**.

**I.      BACKGROUND**

On June 28, 2019, Hamilton filed a complaint seeking review of the final decision of the Commissioner regarding his claim for Social Security retirement benefits.  (DN 1.)  In relevant part, Hamilton contended:

> 4.      Claimant filed his application for Disability Retirement Insurance Benefits on March 26, 2012.
>
> . . .
>
> 11.      A new hearing was held before the ALJ on June 12, 2018, and on October 5, 2018[,] the ALJ issued a Fully Favorable Decision concluding that "[t]he Claimant[']s benefits are not subject to reduction under the [Windfall Elimination Provision [("WEP")] given his employment as a duel [*sic*] status technician with the Air National Guard."

12.     On December 4, 2018[,] the Appeals Council notified Mr. Hamilton that it was reviewing the ALJ's decision.

13.     On May 9, 2019[,] the Appeals Council erroneously decided that "[t]he Claimant's retirement benefits are subject to computation under 20 C.F.R. 404.213 and the [WEP] in Section 215(a)(7)([A]) of the Social Security Act.

14.     The Claimant's service in the Kentucky Air National Guard, for which his civil service pension is paid, falls squarely under the definition of service as a member of a "uniformed service" as such term is defined under Section 210 of the Social Security Act. Among other items of evidence, the Administrative Law Judge properly considered the following:

(a)     From 1975 until his retirement in 2008, the Claimant was required to wear, and he in fact wore a uniform appropriate for his branch of the Armed Forces, was subject to military supervision and discipline, was required to maintain military physical fitness qualifications and was subject to being called to active duty service in the United States Air Force; [and]

(b)     As a result of (PL 90-486) Claimant was required to be enlisted as a uniformed member of the Air National Guard as a condition of employment as an Aircraft Maintenance mechanic.

(DN 1, at PageID # 2-4.)   Hamilton's Complaint requested that the Court reverse the Commissioner's decision and "remand this matter to the Social Security Administration with instructions that Claimant's benefits are not subject to reduction under the Windfall Elimination Provision, and with the direction that the Social Security Administration reimburse Claimant for all amounts by which [h]is Social [S]ecurity benefits have been reduced . . .," as well as other alternative forms of relief.  (*Id.* at 4-5.)

On September 10, 2019, the Commissioner filed a Motion to Stay this matter pending a decision by the United States Court of Appeals for the Sixth Circuit in the matter of *Babcock v. Commissioner of Social Security* because the Commissioner contended that case involved the same issue raised by Hamilton's Complaint.  (DNs 10, 11.)  Hamilton did not file a response or objection to the Motion to Stay, and on October 31, 2019, the Court stayed the instant case pending a decision in *Babcock*.  (DN 14.)  On May 11, 2020, the Sixth Circuit issued a decision in *Babcock*.  *Babcock*

*v. Comm'r of Soc. Sec.*, 959 F.3d 210 (6th Cir. 2020).  On June 24, 2020, the Commissioner filed the instant motion to dismiss based on the Sixth Circuit's ruling in *Babcock* in lieu of his answer and the certified electronic copy of the administrative record.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addressing the motion, "the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).  Even so, the Court need not accept a party's "bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted).

## III.   DISCUSSION

The Commissioner contends that the Sixth Circuit's decision in *Babcock* precludes Hamilton's claim as a matter of law.  (DN 25-1, at PageID # 65.)  In *Babcock*, Babcock was receiving a Civil Service Retirement System pension as a result of his work as a dual status technician with the Michigan National Guard.  *Babcock*, 959 F.3d at 212-13.  As a dual status technician, Babcock was a " 'Federal civilian employee' . . . 'assigned to a civilian position as a technician' " as well as a member of the National Guard and "held the appropriate military grade for his position, wore a uniform that displayed his rank and unit insignia while working, and attended weekend drills." *Id.* (citing 10 U.S.C. § 10216(a)(1); 32 U.S.C. § 709(b), (e); and 32 U.S.C. § 502(a)).  When Babcock applied for Social Security retirement benefits, his benefits were

3

reduced pursuant to the application of the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415.  42 U.S.C. § 415.  The WEP was designed to eliminate an unintended benefit to workers whose careers included both covered employment for which they paid Social Security taxes and non-covered employment for which they were exempt from Social Security taxes.  *See Peterson v. Astrue*, 633 F.3d 633, 634 (8th Cir. 2011).  Prior to the WEP's enactment, the Social Security scheme "did not consider whether [a claimant's] earnings came from covered or non-covered employment . . . [such that] beneficiaries that had a split career received both full Social Security benefits and whatever pension benefits were provided by the non-covered employment."  *Id.* at 634-35.

Babcock argued that the uniformed-services exception to the WEP in 42 U.S.C. § 415(a)(7)(A)(III) applied to his civil-service pension based on his work as a dual-status technician such that his benefits should not be reduced.  *Babcock*, 959 F.3d at 213.  However, the Sixth Circuit held that "the uniformed-services exception d[id] not apply to a civil-service pension based on employment as a dual-status technician."  *Id.* at 215.  The Sixth Circuit determined that the "plain text" of the exception was "cabined to payments that [we]re based exclusively on employment in the capacity or role of a uniformed-services member."  *Id.* at 216.  Because a dual status technician's employment was not "based exclusively on employment" performed in a military capacity, the exception did not apply.  *Id.* at 217.

Here, Hamilton's Complaint establishes that he receives a civil service pension for his prior service as a dual status technician with the Kentucky Air National Guard.  (DN 1, at PageID # 3.) He argued that the Appeals Council erroneously determined that the WEP applied to computation of his benefits by failing to apply the uniformed services exception to him.  (*Id.*)  The facts set forth in Hamilton's Complaint fail to distinguish his case in any respect from *Babcock*, and he did

not file a response to the Commissioner's motion arguing otherwise.  Accordingly, the Court finds that Hamilton's Complaint fails to demonstrate the existence of facts sufficient for the Court to find that the Commissioner's final decision is unsupported by substantial evidence.  Therefore, the Commissioner's motion to dismiss will be granted.

## IV.    ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that the Commissioner's Motion to Dismiss (DN 25) is **GRANTED**.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

October 19, 2020

5